**STATE of Minnesota, Appellant,**

v.

**Charles William KIENAST, Respondent.**

**No. C8–83–1234.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Hubert H. Humphrey, III, Atty. Gen., Frederick S. Suhler, Jr., Rochester City Atty., Douglas J. Gregor, Asst. City Atty., Rochester, for appellant.

Mark G. Stephenson, Petersen & Stephenson, Rochester, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

## OPINION

LANSING, Judge.

The State of Minnesota appeals from a pretrial order suppressing the results of a breath test, given after respondent's arrest for driving while under the influence of alcohol in violation of Minn.Stat. § 169.121 (1982 & Supp.1983). The trial court found the test results inadmissible on the ground that the Commissioner of Public Safety had failed to promulgate standards sufficient to establish and evaluate the training of persons who administer breath tests, as required by Minn.Stat. § 169.123, subd. 3 (1982 & Supp.1983).

The issues raised in this appeal are the same as those decided in *Quimby v. State, Department of Public Safety,* 351 N.W.2d 629 (Minn.1984). Under the authority of *Quimby* we hold that (1) the Commissioner of Public Safety promulgated adequate standards to establish and evaluate the training of breathalyzer operators, *see id.* at 630–31; (2) the lack of explicit Commissioner approval of the training course does not render the test result inadmissible in a D.W.I. trial, *see id.* at 631; and (3) the Commissioner is not required to promulgate standards for deriving alcohol concentrations from breath samples because the breathalyzer machine does the interpretation itself, *see id.* at 632. As long as the test is accurately administered, this court recognizes the validity of the analysis performed by the breathalyzer. *Id.*

## DECISION

The trial court's order suppressing the results of a breath test given after respondent's arrest for violation of Minn.Stat. § 169.121 is reversed.

Reversed.